**AMERICAN SAMOA GOVERNMENT,**

**v.**

**ALAPATI FA`ATULU, aka, FA`ATULU SAMANA.**

High Court of American Samoa
Trial Division

CR No. 25-97

July 28, 1997

Before: KRUSE, Chief Justice, TAUANU`U, Chief Associate Judge, and SAGAPOLUTELE, Associate Judge.

Counsel: For Plaintiff, John W. Cassell, Assistant Attorney General
       For Defendant, David P. Vargas, Assistant Public Defender

ORDER DENYING MOTION FOR AN *IN CAMERA* HEARING

On April 16, 1997, the plaintiff American Samoa Government ("ASG") filed an information against Defendant Alapati Fa`atulu ("Fa`atulu"), alleging unlawful production of a controlled substance, in violation of A.S.C.A. §§ 3.1020, 13.1001(h) and (m), 13.1006, and 46.3207(a)(2), and unlawful possession of a controlled substance, in violation of A.S.C.A. §§ 3.1022 and 13.1006.

The information was filed after DPS Special Agent Va`aomala Sunia ("Sunia") executed a search warrant on the residence of Fa`atulu, the "curtilage thereof," and a Samoan fale near the main house. Fa`atulu now moves for an *in camera* hearing to examine the confidential informant who had allegedly supplied the police, and eventually the District Court, with the information leading to the search.

This motion for an *in camera* hearing is identical in virtually all relevant respects to the motion for an *in camera* hearing in *American Samoa Government v. Samana*, 1 A.S.R.3d 178 (Trial Div. 1997) (Order Denying Motion for *In Camera* Hearing). We agree with and adopt the Trial Division's reasoning in that case.

■ Thus, we conclude that in the instant case, the warrant clause of Article I, § 5 of the Revised Constitution of American Samoa was not violated when the judge issued a search warrant for the residence of Alapati Fa`atulu without learning the identity of the confidential informant.

In the affidavit in support of the search warrant, Agent Sunia stated that he had investigated the informant's criminal history (and found no record of a conviction); that he verified the informant's credibility with a fellow officer who had used the informant on previous occasions to uncover illegal marijuana possession; and that informant's statements were consistent with his own personal experiences with Fa`atulu and Fa`atulu's residence. Thus, the issuing judge had a "substantial basis" for crediting the confidential informant's statements, and there is no reason to conduct an evidentiary hearing to reveal the identity of the informant. *Samana*, 1 A.S.R.3d at 180-81 (Order Denying Motion for *In Camera* Hearing).

■ Furthermore, we affirm the Government's privilege to conceal the identity of confidential informants where, as here, there has been no showing that an *in camera* hearing involving the confidential informant is in any way "relevant and helpful" to a particular legal theory advanced by Fa`atulu. *Samana* at 183.

Accordingly, the motion for an *in camera* hearing is DENIED.

It is so Ordered.